UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PETER & JUDITH GRAFFEO                                CIVIL ACTION

versus                                                NO. 06-5330

LIBERTY MUTUAL INSURANCE COMPANY                      SECTION: E/2

## RULING ON MOTION

Defendant filed a motion a motion for partial judgment on the pleadings, r.d. #14. Plaintiffs oppose the motion. After consideration of the Complaint, the pleadings and memoranda, and the law, the Court is prepared to rule.

## BACKGROUND

The plaintiffs (collectively "Graffeo") owned a home in New Orleans, which, during the pertinent time period, was covered by a Standard Flood Insurance Policy ("SFIP") issued through defendant Liberty Mutual Insurance Company ("Liberty Mutual") as a Write-Your-Own ("WYO") carrier participating in the National Flood Insurance Program. Graffeo made a claim on the SFIP after the home suffered severe damage from the flooding during and after Hurricane Katrina passed through the area. Dissatisfied with the adjustment and payment pursuant to the claim, Graffeo filed suit in federal court alleging both diversity jurisdiction and federal question jurisdiction "because this action arises under the National Flood

Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.)" Complaint, ¶3 & 4.

The lawsuit alleges that Liberty Mutual failed to handle the claim in a fair and prompt manner and failed to pay for all damages due under the policy.  Complaint, ¶13.  The Complaint states causes of action for breach of contract under federal common law (Count I), breach of the duty of good faith and fair dealing implied by federal common law (Count II), and negligent misrepresentation under federal common law (Count III).  Liberty Mutual moved for partial judgment on the pleadings under Fed. R. Civ. P. 12(c), dismissing all of Graffeo's extra-contractual claims regarding its alleged mishandling of Graffeo's claims pursuant to the SFIP issued by Liberty Mutual.

## **ANALYSIS**

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004), *citing* Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 (5th Cir. 2002).  Dismissal of a complaint pursuant to F.R.Civ.P. 12(b)(6) is proper only if the pleadings on their face reveal beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief, or if an affirmative defense or other bar to relief appears on the face of the

complaint. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), the Supreme Court restated the accepted pleading standard: "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1968  The Court explained that the language in Conley "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." Id. (citations omitted).  The court must also assume that the allegations in plaintiff's complaint are true, and must resolve any doubt regarding the sufficiency of plaintiff's claims in his favor. Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278 (5th Cir. 1993).  Nevertheless, a plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim.  Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

Liberty Mutual argues at length that all of Graffeo's extra contractual damages claims, including any claims for attorney's fees, costs and interest, raised in the context of a SFIP claim are barred and preempted by federal law.  Graffeo does not argue that his extra-contractual claims are justiciable, but argues only that the he may be entitled to attorney's fees and costs under the

Court's inherent authority or the Equal Access to Justice Act (EAJA).

In Wright v. Allstate Insurance Company, 500 F.3d 390 (5th Cir. 2007)(Wright II), the Fifth Circuit held that neither the National Flood Insurance Act (NFIA) nor the SFIP expressly authorizes policyholders to file extra-contractual claims against a WYO insurer, and that Congress did not intend to create an implied right of action by policyholders against WYO insurers other than those specifically provided for in the NFIA. Id. at 395, 398. In a recent case in this district, Bolden v. Federal Emergency Management Agency, 2007 WL 3046067 (E.D.La. 10/16/07), Judge Berrigan addressed an argument by the defendant that it was entitled to summary judgment on all of the plaintiffs' extra-contractual claims, including the claims for attorney's fees, costs and interest, based on the Wright II decision. After a review of the language in Wright II, Judge Berrigan concluded that it "did not address the awarding of attorney's fees and costs under the court's inherent authority, or the EAJA. Thus, FEMA has failed to support its assertion that the [plaintiffs'] claims are entirely limited to the remedies outlined in 42 U.S.C. § 4072." Bolden at *5.

This Court agrees. At ¶ 13, Graffeo's Complaint alleges as follows:

-4-

> Specifically, Defendant failed to pay for all damages due under the policy, failed to include all damages in scope of loss/damage estimate, failed to bring in qualified professionals to timely and properly assess all of the damages, overly depreciating the value of the property and the value of contents items, refused to explain or provide insured with a copy of the depreciation schedule used to calculate depreciation, failed to pay for post-catastrophe price increases, and failed to timely and/or fully pay Alternative Living Expenses.

The Complaint states factual allegations that are adequate to support a claim for attorney's fees, if proven to be true, and to survive a motion to dismiss.  The Court notes that Graffeo's complaint does not expressly pray for attorney's fees and costs, but does pray for "[a]ll other relief as the Court may deem just and proper."  *See, e.g.,* Boland Marine & Manufacturing Co. v. Rihner, 41 F.3d 997 (5th Cir. 1995)("Courts may depart from the general rule that each party pays his own attorney's fees in 'cases involving a common fund, situations where a party has willfully violated a court order, and cases of fraudulent, groundless, oppressive, or vexatious conduct.'" *quoting* Holliday v. Todd Shipyards Corp., 654 F.2d 415, 419 n. 4.(5th Cir. 1981)).

Accordingly,

**IT IS ORDERED** that Liberty Mutual's motion for judgment on the pleadings is **GRANTED IN PART**, **DISMISSING** Graffeo's claims for damages for breach of contract under federal common law, for breach of the duty of good faith and fair dealing implied by federal common law, and for negligent misrepresentation under federal common law, and **DENIED IN PART**, as to claims for attorney's fees that Graffeo might have under the Court's inherent authority or the Equal Access to Justice Act (EAJA).

New Orleans, Louisiana, this 19th day of December, 2007.

_____
**MARCEL LIVAUDAIS, JR.**
**Senior United States District Judge**